Gholson, J.
The question reserved in this case arises upon an agreed statement of facts, and is stated to be, whether the act of the general assembly, “ authorizing county commissioners to grant further time for the completion of free turnpike roads, and paying for th¿ same,” passed May 1, 1854, “is an unconstitutional and invalid act, and repugnant , to the j>resent constitution of Ohio.” *438 The general and abstract question, whether an act of the legislature be unconstitutional, can not with propriety be presented to a court. 'The question must be, whether the act furnishes the rule to govern the particular case. What, then, is the effect and operation of the act upon the particular case ? and does such effect and operation conflict with any provision of the constitution ?
It appears that by acts referred to in the agreed statement, and particularly an act passed the 23d of March, 1850, “ to incorporate the Wood County and Western Reserve Free Turnpike Company,” that the general assembly, for the purpose of having constructed a road in a particular locality, appointed certain persons commissioners, and that those commissioners and their successors were made a corporation, under the style mentioned, for the purposes of the act. The form of things and the name of things are not often material, and certainly ought not to be regarded in a matter so serious as a question of refusing obedience to an enactment of the legislature. In form *and name the enactment looks like the creation of an ordinary turnpike company, for the benefit of a body of corporators, and in this view might lead to an application to it of principles only applicable to private corporations. When, however, the substance is examined, it appears to be a public corporation, and really only a part of the machinery of the state for the construction and repair of highways; and there is properly no personal and private interest. The officers of the corporation are really county or township officers discharging duties usually discharged by such officers — the construction and repair of a highway for the free use of the public. It is, in terms and in fact, to be a free turnpike road. The only personal interest is that which those who live on land abutting upon a public highway have, as compared with other citizens of the county or state.
It is such interest which sustains the assessment as distinguished from a tax. The same principle is applied in charging upon cities and towns the repair of the highways which pass through them, and in allowing an assessment by the front foot on the real estate abutting upon the highways. The only difference between such cases and the present is, that in the latter the assessment is by the acre. It has the principle of benefit, which is sufficient when ascertained and fixed by law in reference to a particular locality, as compared with other localities, and need not be limited to particular pieces of property as compared with other pieces. If the legislature *439 directs that upon a road being constructed in a particular section of the state, there shall be an assessment on account of the benefit to the locality, of a certain rate per acre, or a certain per cent, on the valuation, this would be equally an assessment as if a commission had been established to ascertain the amount of benefit which each individual owner, as compared with others, would receive. In this view we see no ground to sustain the objection, that what the legislature directed in this case was not an assessment.
*The other ground relied on is, that the act is a special one, conferring corporate powers, and repugnant to the first section of the thirteenth article of the constitution. We do not think it necessary to follow the counsel for the plaintiff in his elaborate argument as to the true meaning of that section of the constitution. We prefer to take the question negatively, and say that this particular case is not embraced, without attempting to lay down any rule as to other cases. We regard this case as somewhat anomalous. We need not decide whether such a corporation could be formed, or its powers as a corporation renewed by a special act, or whether the act passed is to be regarded as a general law or a special act; for we think that the particular thing authorized in this case can, in no proper sense, be deemed a corporate power within the meaning of that section of the constitution.
The public road in a particular locality, for the construction of which a provision had been made before the adoption of the constitution, remained unfinished and unpaid for. It was a duty resting on the government to dispose of this road. For the purpose of its completion, or the payment for labor expended, a law is passed directing the county commissioners to assess for a limited period of years the property immediately benefited. The amount of money so raised, is to be expended under the direction of those having charge of the road. Now, in all this, we are not able to say, certainly not with that clearness and freedom from doubt which such a case requires, that the legislature exceeded its powers and violated the constitution.
The judgment must be for the defendants, that the injunction be dissolved and the bill dismissed.
Brinkerhoef, C. J., and Scott, Sutlife, and Peck, JJ., concurred.